Filed 11/21/24  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098967 |
| Plaintiff and Respondent, | (Super. Ct. No. 111950) |
| v. | |
| ROBERT H. JACKSON, | |
| Defendant and Appellant. | |

Defendant Robert Henry Jackson, convicted by a jury of first degree murder, burglary, and attempted robbery and sentenced to indeterminate and determinate terms in state prison, challenges the trial court's order denying his second petition for resentencing under Penal Code section 1172.6.[1]  Defendant claims the first petition was denied based

---

[1] Undesignated statutory references are to the Penal Code.  On November 10, 2022, defendant filed his second petition using a form citing Penal Code section 1170.95. Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 without change to the text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the current statute.

on facts recited in an opinion on direct appeal. A subsequent change in the law clarified that a trial court may not rely on factual summaries in an appellate opinion in determining whether a petitioner is eligible for relief. Accordingly, due to the change in the law, defendant contends the trial court erred in denying defendant's second petition as successive. We agree.

We reverse the trial court's order and remand the matter.

## BACKGROUND

In November 1992, an amended information charged defendant with attempted murder of Joseph G. (§§ 664/187, subd. (a); count one), assault of Joseph G. (§ 245, subd. (a)(2); count two), and along with an accomplice, Lorenzo Demont Smothers, murder of Carlos M. (§ 187, subd. (a); count three), burglary of a mini-mart (§ 459; count four), and attempted robbery of the mini-mart (§§ 664/211; count five), as well as alleging firearm enhancements against defendant (§ 12022.5, subd. (a)) and Smothers (§ 12022, subd. (a)).[2]

At trial on these charges, the jury was instructed on felony murder and the natural and probable consequences doctrine. On the second day of jury deliberations, Smothers changed his plea and the jury continued deliberations as to defendant only. The jury found defendant guilty of counts three, four and five. The jury further found that the murder charged in count three to be first degree murder and the firearm enhancements to be true. The jury deadlocked on counts one and two and the trial court declared a mistrial on those counts.

The trial court sentenced defendant to 25 years to life, plus a determinate term of five years for the firearm enhancement alleged as to count three. Sentences on the remaining charges and enhancements were stayed under section 654.

---

[2] The charges involving Joseph G. stemmed from an earlier incident on the same day as the incident at the mini-mart.

A different panel of this court affirmed the judgment. (*People v. Jackson* (Apr. 24, 1995, C016180) [nonpub. opn.].) The court summarized the facts as follows: "Late one winter's evening in 1991 Carlos [M.] and two other clerks were working at a Sacramento mini market. The store had a history of problems with patrons shoplifting beer and fleeing, known as a 'beer run.'

"Defendant and his companion Lorenzo Smothers entered the store, walked to the refrigerator and discussed a particular size of malt liquor. Smothers asked [M.] if they had a particular size of malt liquor. [M.] told them 'No.' Defendant said something to [M.], which Smothers did not hear.

"Smothers placed some beer on the counter and [M.] asked for identification. Defendant, who stood beside Smothers, ran out the door. [M.] shouted, '[D]on't you run with the beer.' Smothers then ran out the door carrying two six packs of beer. [M.] ran after defendant and Smothers.

[Another clerk] who was working in the back room, heard [M.] yell, [D]on't you run with the beer. [Another clerk] ran after [M.] and the fleeing patrons. [M.] caught up to Smothers, grabbed him and knocked the beer out of his hands. [The other clerk] did not hear [M.] say anything when he caught up to the two fleeing men.

"As Smothers struggled free of [M.]'s grasp, he dropped the beer. Defendant reached under his coat, drew a gun and shot at [M.] six times. [M.] died from a gunshot wound to the chest." (*People v. Jackson*, *supra*, C016180.)

In February 2020, the trial court denied defendant's first petition for resentencing under section 1172.6. The trial court quoted in its entirety the factual summary from the appellate opinion. The trial court concluded that defendant was the "actual killer" and as such ineligible for section 1172.6 relief. The court said: "From the evidence presented at trial and the jury verdicts rendered, it is beyond a reasonable doubt that the jury found that defendant Jackson committed the murder while engaged in the commission of the attempted robbery and burglary, and that defendant Jackson was the actual killer. The

3

evidence was undisputed that defendant Jackson personally shot the victim dead, and that it occurred during the commission of the attempted robbery and burglary."

A different panel of this court affirmed the order denying defendant's petition. (*People v. Jackson* (Sept. 21, 2001, C092326) [nonpub. opn.].)  The court also quoted from the factual summary of the opinion on direct appeal, including the conclusion of the chase:  "Defendant then reached into his coat, 'drew out a gun and shot at [the clerk] six times.  [The clerk] died from a gunshot wound to the chest.' " (*Ibid.*)  The court rejected defendant's contention that the trial court erred in relying on this court's prior opinion to determine that defendant was ineligible for relief, finding that argument "foreclose[d]" by the California Supreme Court's opinion in *People v. Lewis* (2021) 11 Cal.5th 952. (*People v. Jackson*, *supra*, C092326.)  The court explained:  "Our Supreme Court recently held that in order to determine whether the petitioner has made the requisite prima facie [showing] in their petition, the trial court may examine the record of conviction.  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  Thus, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'  (*Ibid.*)  [¶]  Here, the trial court relied on our prior opinion and the verdicts rendered and found defendant ineligible for section [1172.6] relief as a matter of law.  A review of our prior opinion shows that defendant was the actual killer; that fact was not in dispute.  (*People v. Jackson*, *supra*, C016180.)  Notably, in his petition for resentencing, defendant did not even allege he was not the actual killer.  For these reasons, the trial court's reliance on the record of conviction to find defendant's petition meritless and deny it accordingly, was proper."  (*People v. Jackson*, *supra*, C092326.)

On November 10, 2022, defendant filed a second petition for resentencing under section 1172.6.  The trial court appointed counsel to represent defendant.  The People filed a response to the petition arguing that it was barred by the doctrine of law of the case and procedurally barred as successive.  In reply, defendant argued, inter alia, that, while the trial court may examine the record of conviction to determine whether a

4

petitioner is ineligible as a matter of law, "[t]he appellate opinion . . . especially the factual summary is hearsay and inadmissible."

The trial court denied defendant's second petition without a hearing, finding "the habeas corpus rule barring successive petitions absent a change in the law or facts should apply to section 1172.6 petitions, and find[ing] this petition successive." The court noted that case law and section 1172.6 have changed since denial of the first petition but concluded the changes did not affect the reasons the first petition was denied. The trial court acknowledged that section 1172.6 does not prohibit successive petitions but found that the public policy against successive habeas petitions, i.e., to prevent a waste of scarce judicial resources, was equally applicable in this case. Finally, the trial court concluded that it need not conduct a hearing because there was no reasonable probability that the petitioner would obtain a more favorable outcome if the court held a hearing.

## DISCUSSION

Defendant contends the trial court denied his first petition relying on facts recited in the opinion on direct appeal and subsequently the Legislature enacted section 1172.6, subdivision (d)(3) to stop this practice. Therefore, defendant argues the trial court erred in denying his second petition as successive, because the law changed after the first petition was denied. We agree.

Subdivision (c) of section 1172.6 provides in relevant part that the trial court must "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

To make a prima facie determination, the trial court is not limited to the allegations of the petition but may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 970.) The California Supreme Court in *Lewis* added that "[a]ppellate opinions . . . are generally

5

considered to be part of the record of conviction," but cautioned that "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

A trial court's decision as to whether a petitioner has made a prima facie showing is reviewed de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see also *People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 3) "significantly narrowed the scope of the felony-murder rule. It also created a path for relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not be convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*People v. Strong* (2022) 13 Cal.5th 698, 703; §§ 189, subd. (e), 1172.6.)

In this case, the trial court in ruling on the first petition determined that defendant was the actual killer based on the recitation of facts in the opinion on direct appeal. The court stated that undisputed evidence showed defendant shot the victim during the robbery. But the only facts or evidence referenced in the court's order denying the petition consisted of the factual recitation that the trial court quoted from the opinion on direct appeal. On appeal from that order, a panel of this court concluded that the trial court properly relied on the opinion on direct appeal, because the California Supreme Court's decision in *Lewis* allowed the court to do so to find defendant was the actual killer and therefore ineligible for section 1172.6 relief as a matter of law. (*People v. Jackson*, *supra*, C092326.) "[D]efendants convicted of felony murder are not eligible for relief [under section 1172.6) if they were the actual killer." (*People v. Harden*, *supra*, 81 Cal.App.5th at p. 53; see also *People v. Strong*, *supra*, 13 Cal.5th at p. 710.)

6

Contrary to the trial court's ruling on defendant's second petition, following denial of defendant's first petition and its affirmance on appeal, Senate Bill No. 775 (2019-2020 Reg. Sess.) changed the law to clarify that a trial court may not rely on factual summaries in an appellate opinion at the prima facie stage.  (Stats. 2021, ch. 551, § 2, eff. January 1, 2022; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9; *People v. Vance* (2023) 94 Cal.App.5th 706, 713; see also *People v. Lee* (2023) 95 Cal.App.5th 1164, 1186 (*Lee*) [Senate Bill No. 775 "modified the controlling rules of law and constitutes a significant change in circumstances"].)

Section 1172.6, subdivision (d)(3) provides in relevant part that at a hearing after issuing an order to show cause, "[t]he court may also consider the procedural history of the case recited in any prior appellate opinion."  (§ 1172.6, subd. (d)(3).)  This phrase has been interpreted to prohibit the trial court from considering the factual recitation in a prior appellate opinion.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 [due to § 1172.6, subd. (d)(3), "the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing"].)  The court in *Flores* further observed:  "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as matter of law, a petitioner's ineligibility for resentencing at the prima facie stage."  (*Flores*, at p. 988; accord, *Lee*, *supra*, 95 Cal.App.5th at pp. 1183-1184; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.)

Thus, when the trial court ruled on defendant's first petition, its use of the facts recited in the opinion on direct appeal was arguably permissible.  But, under the changes to section 1172.6 made by Senate Bill No. 775, the trial court could no longer rely on such facts.  By the same token, the appellate court could not affirm the trial court's reliance on the factual recital in the prior opinion on direct appeal.  Accordingly, the trial court erred in its ruling on the second petition that no change in the law undermined the

7

basis for the ruling on the first petition. Assuming for the sake of argument, a procedural bar to successive section 1172.6 petitions may apply (notwithstanding the absence of any such prohibition in the statute), defendant's second petition was not procedurally barred as a successive petition, due to the changes in the law made by Senate Bill No. 775. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 951.)

In addition, Senate Bill No. 775 added subdivision (c)(3) to section 1172.6, providing in relevant part that, at the prima facie stage, after the parties have had an opportunity to submit briefs, the trial court "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); see *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891; *People v. Basler* (2022) 80 Cal.App.5th 46, 55.) The trial court relied on *Hurtado* in concluding a hearing was not required, because it was not reasonably probable that defendant would obtain a more favorable ruling if a hearing were held. However, in *Hurtado*, the court held that the lower court's failure to hold the statutorily required hearing was harmless error, because the record of conviction established that the defendant "alone attempted to commit murder." (*Hurtado*, at p. 893.) We note that the appellate court in *Hurtado* extensively recited facts taken from its prior opinion on direct appeal. (*Id.* at pp. 889-890.) To the extent the trial court and appellate court in *Hurtado* relied on the factual recitation in the opinion on direct appeal to determine that the defendant was not eligible for section 1172.6 relief as a matter of law, they fell afoul of the same proscription in subdivision (d)(3) as the trial court did in this case. We conclude that the trial court's failure to hold a hearing as required by section 1172.6, subdivision (c) furnishes a separate ground for reversal of the trial court's order denying defendant's second petition.

The People, nonetheless, argue that when a panel of this court affirmed the trial court's denial of defendant's first section 1172.6 petition, "[t]hat became the law of the case, and no intervening change in the law has occurred." " 'Under the law of the case doctrine, when an appellate court " 'states in its opinion a principle or rule of law

necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal. . . .' " ' " (*People v. Campbell* (2023) 98 Cal.App.5th 350, 371.) However, the doctrine does not apply where " 'the controlling rules of law have been altered or clarified by a decision of [statutory amendment] intervening between the first and second appellate determinations.' " (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1262-1263; see also *Lee*, *supra*, 95 Cal.App.5th at p. 1186.)

The People argue that section 1172.6, subdivision (d)(3) did not constitute a change in the law, because (1) a panel of this court rejected the argument that the trial court improperly relied on facts recited in a prior opinion based on *Lewis*, and (2) subdivision (d)(3) did not change the law at the prima facie stage. However, *Lewis* was decided before the enactment of Senate Bill No. 775. (*People v. Hurtado*, *supra*, 89 Cal.App.5th at p. 892.) We interpreted *Lewis* on appeal from the order denying defendant's first petition to allow the trial court to consider the facts summarized in a prior appellate opinion to determine that defendant was the actual killer. (*People v. Jackson*, *supra*, C092326.) Indeed, under *Lewis*, courts had concluded that the record of conviction considered by the trial court in ruling on a section 1172.6 petition at the prima facie stage "may include the underlying facts presented in an appellate opinion . . . ." (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 13.) This is precisely what subdivision (d)(3) now prohibits. (See *People v. Clements*, *supra*, 75 Cal.App.5th at p. 292; *People v. Cooper*, *supra*, 77 Cal.App.5th at p. 400, fn. 9; *People v. Vance*, *supra*, 94 Cal.App.5th at p. 713.)

As for the People's contention that section 1172.6, subdivision (d)(3) does not apply at the prima facie stage, they acknowledge that the appellate court in *Flores* held to the contrary. (*People v. Flores*, *supra*, 76 Cal.App.5th at p. 988.) Multiple cases agree with *Flores* on that point, as do we. (See *Lee*, *supra*, 95 Cal.App.5th at pp. 1183-1184;

9

*People v. Bratton*, *supra*, 95 Cal.App.5th at p. 1113; *People v. Beaudreaux*, *supra*, 100 Cal.App.5th at p. 1238.)

Lastly, the People argue that, assuming error, defendant cannot demonstrate that the second petition would not have been summarily denied if the trial court did not ultimately rely on facts recited in an appellate opinion. (See *People v. Watson* (1956) 46 Cal.2d 818.) The People contend "the jury found appellant guilty of first-degree murder on a theory of felony murder where appellant was the actual killer who personally used a firearm in the commission of the crime." This statement is not followed by a citation to the record. To be sure, the jury was instructed on the former felony-murder rule (as well as the natural and probable consequences doctrine), but a felony-murder conviction alone does not establish that defendant was the actual killer. Otherwise, the limitation on the felony-murder rule enacted by Senate Bill No. 1437 would be unnecessary. As we stated in *People v. Vang* (2022) 82 Cal.App.5th 64: "The purpose of the [former felony-murder] rule [wa]s to deter criminals from killing by holding them strictly responsible for deaths that occur during the perpetration (or attempted perpetration) of an inherently dangerous felony, regardless of whether the killing was done by the perpetrator or an accomplice, and regardless of whether the killing was intentional, negligent, or accidental." (*Id.* at p. 81.) Here, defendant did not act alone but had an accomplice, Smothers, and both defendants were charged with murder. Even the jury's finding that defendant personally used a firearm (§ 12022.5, subd. (a)) does not, in and of itself, prove conclusively that defendant was the actual killer. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) Under the circumstances, we cannot say that the trial court would have found defendant ineligible for section 1172.6 relief as a matter of law without relying on the facts recited in a prior appellate opinion.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed.  We remand the matter to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing.  (§ 1172.6, subd. (d).)

/s/
Mesiwala, J.

We concur:

/s/
Robie, Acting P. J.

/s/
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11